United States District Court
For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                          EUREKA DIVISION

6
7   PAUL WILLIAM MUNSTER,

8                Plaintiff,                     No. 13-CV-3268 NJV (PR)

9          v.                                   **ORDER DISMISSING
                                                COMPLAINT WITH LEAVE
10  DR. TERRY LAPIDS and  MONTE                 TO AMEND**
    WILSON, physician's assistant,
11
                 Defendants.
12  _____/

13
14         Plaintiff, who appears to be a pretrial detainee at Santa Cruz County Jail, has filed a

    pro se civil rights complaint pursuant to  42 U.S.C. § 1983.  He has been granted leave to
15
    proceed in forma pauperis.
16
                                 **DISCUSSION**
17
    **A.    Standard of Review**
18
           Federal courts must engage in a preliminary screening of cases in which prisoners
19
    seek redress from a governmental entity or officer or employee of a governmental entity.
20
    28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
21
    dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
22
    be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at
23
    1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
24
    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
25
           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
26
    the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
27
    the statement need only '"give the defendant fair notice of what the . . . . claim is and the
28
    grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court

For the Northern District of California

1  omitted).  Although in order to state a claim a complaint "does not need detailed factual

2  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3  requires more than labels and conclusions, and a formulaic recitation of the elements of a

4  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7  plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the

8  "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9  framework of a complaint, they must be supported by factual allegations.  When there are

10  well-pleaded factual allegations, a court should assume their veracity and then determine

11  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

12  1937, 1950 (2009).

13       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.      Legal Claims**

18       Plaintiff states that he has compression fractures in his vertebrae, sciatica in both

19  legs and an ankle that did not heal properly from a fracture.  He claims that he is in

20  constant pain and that the medical staff at the Santa Cruz County Jail have not properly

21  addressed his pain issues.  He also claims that he had certain prescriptions on his person

22  at the time of his arrest, and that jail personnel refuse to give those prescriptions to him.

23  Finally, he claims that although the jail medical department had him sign releases for his

24  medical records, the jail is not consulting with his regular doctor.  Despite making these

25  claims and identifying two medical persons as Defendants, plaintiff has not identified any

26  specific actions of named Defendants or  explained how these persons provided

27  inadequate medical care.  Plaintiff has not described the specific care and treatment that

28

**United States District Court**
For the Northern District of California

1  was denied.  Simply stating that he has been denied care without providing specific

2  information regarding the care that was denied is insufficient to state a claim for relief.

3  Therefore, the complaint will be dismissed with leave to amend to describe the actions of

4  specific individuals and how those actions demonstrated deliberately indifference to

5  Plaintiff's serious medical needs.

6        In drafting his amended complaint, Plaintiff should take note of the following legal

7  standards.  Deliberate indifference to serious medical needs violates the Eighth

8  Amendment's proscription against cruel and unusual punishment.[1]  *Estelle v. Gamble*, 429

9  U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on*

10 *other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

11 banc).  A determination of "deliberate indifference" involves an examination of two

12 elements: the seriousness of the prisoner's medical need and the nature of the defendant's

13 response to that need.  *Id.* at 1059.

14       A "serious" medical need exists if the failure to treat a prisoner's condition could

15 result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*  The

16 existence of an injury that a reasonable doctor or patient would find important and worthy of

17 comment or treatment; the presence of a medical condition that significantly affects an

18 individual's daily activities; or the existence of chronic and substantial pain are examples of

19 indications that a prisoner has a "serious" need for medical treatment.  *Id.* at 1059-60.

20       A prison official is deliberately indifferent if he or she knows that a prisoner faces a

21 substantial risk of serious harm and disregards that risk by failing to take reasonable steps

22

23       [1] Even though pretrial detainees' claims arise under the Due Process Clause, the
24 Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*,
   74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of
25 care for pretrial detainees).  The Ninth Circuit has determined that the appropriate standard
   for evaluating constitutional claims brought by pretrial detainees is the same one used to
26 evaluate convicted prisoners' claims under the Eighth Amendment.  "The requirement of
   conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial
27 detainees' right to not be punished with the deference given to prison officials to manage the
   prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc)
28 (citation omitted).

**United States District Court**

For the Northern District of California

1  to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only

2  "be aware of facts from which the inference could be drawn that a substantial risk of serious

3  harm exists," but he "must also draw the inference." *Id.* If a prison official should have

4  been aware of the risk, but was not, then the official has not violated the Eighth

5  Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,

6  1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison

7  medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*

8  *Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981). "Liability under [§] 1983 arises only upon a

9  showing of personal participation by the defendant. A supervisor is only liable for the

10  constitutional violations of . . . subordinates if the supervisor participated in or directed

11  the violations, or knew of the violations and failed to act to prevent them. There is no

12  respondeat superior liability under [§] 1983." *Taylor v. List,* 880 F.3d 1040, 1045 (9th Cir.

13  1989)(citations omitted).

14

15

16  **CONCLUSION**

17  1. The complaint is **DISMISSED** with leave to amend in accordance with the

18  standards set forth above. The amended complaint must be filed within **twenty-eight (28)**

19  **days** of the date this order is filed and must include the caption and civil case number used

20  in this order and the words AMENDED COMPLAINT on the first page. Because an

21  amended complaint completely replaces the original complaint, Plaintiff must include in it all

22  the claims he wishes to present. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir.

23  1992). He may not incorporate material from the original complaint by reference. Failure to

24  amend within the designated time will result in the dismissal of this action.

25  2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

26  informed of any change of address by filing a separate paper with the clerk headed "Notice

27  of Change of Address," and must comply with the court's orders in a timely fashion. Failure

28

to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

   **IT IS SO ORDERED.**

Dated:  July __18__, 2013.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.13\Munster3268.dwlta.wpd

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| PAUL WILLIAM MUNSTER, | No. 1:13-CV-3268 NJV (PR) |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| DR. TERRY LAPIDS, and MONTE WILSON, physician's assistant, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that on July 18, 2013, I SERVED a true and correct

copy of the attached, by placing said copy in a postage paid envelope addressed to the

person(s) listed below, by depositing said envelope in the U.S. Mail.


Paul William Munster
S# 188179
Santa Cruz County Jail
259 Water Street
Santa Cruz, CA 95060




/s/ Linn Van Meter

_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

6