United States District Court
For the Northern District of California

1

2

3    UNITED STATES DISTRICT COURT

4    NORTHERN DISTRICT OF CALIFORNIA

5    EUREKA DIVISION

6

7    PAUL WILLIAM MUNSTER,

                         No. C 13-3268 NJV (PR)
8              Plaintiff,
                         **ORDER OF SERVICE**
9        v.

10   DR. LAPIDS, et. al.,

11             Defendants.
                                              /
12

13        Plaintiff, who appears to be a pretrial detainee at Santa Cruz Jail, has filed a pro se

14   civil rights complaint under 42 U.S.C. § 1983.  The original complaint was dismissed with

15   leave to amend.  Plaintiff has filed an amended complaint.

16                                    **DISCUSSION**

17   **A.    Standard of Review**

18        Federal courts must engage in a preliminary screening of cases in which prisoners

19   seek redress from a governmental entity or officer or employee of a governmental entity.

20   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at

23   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

24   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court

For the Northern District of California

1   omitted).  Although in order to state a claim a complaint "does not need detailed factual

2   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3   requires more than labels and conclusions, and a formulaic recitation of the elements of a

4   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6   (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7   plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

8   the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9   framework of a complaint, they must be supported by factual allegations.  When there are

10  well-pleaded factual allegations, a court should assume their veracity and then determine

11  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

12  679 (2009).

13       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.     Legal Claims**

18       Plaintiff alleges he has been provided inadequate medical care while being held at

19  Santa Cruz Jail.

20       Deliberate indifference to serious medical needs violates the Eighth Amendment's

21  proscription against cruel and unusual punishment.[1]  *Estelle v. Gamble*, 429 U.S. 97, 104

22

23       [1] Even though pretrial detainees' claims arise under the Due Process Clause, the
    Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*,
24  74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of
    care for pretrial detainees).  The Ninth Circuit has determined that the appropriate standard
25  for evaluating constitutional claims brought by pretrial detainees is the same one used to
    evaluate convicted prisoners' claims under the Eighth Amendment.  "The requirement of
26  conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial
    detainees' right to not be punished with the deference given to prison officials to manage the
27  prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc)
    (citation omitted).
28

United States District Court

For the Northern District of California

1   (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

2   *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

3   A determination of "deliberate indifference" involves an examination of two elements: the

4   seriousness of the prisoner's medical need and the nature of the defendant's response to

5   that need. *Id.* at 1059.

6          A "serious" medical need exists if the failure to treat a prisoner's condition could

7   result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The

8   existence of an injury that a reasonable doctor or patient would find important and worthy of

9   comment or treatment; the presence of a medical condition that significantly affects an

10  individual's daily activities; or the existence of chronic and substantial pain are examples of

11  indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

12         A prison official is deliberately indifferent if he or she knows that a prisoner faces a

13  substantial risk of serious harm and disregards that risk by failing to take reasonable steps

14  to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only

15  "be aware of facts from which the inference could be drawn that a substantial risk of serious

16  harm exists," but he "must also draw the inference." *Id.*  If a prison official should have

17  been aware of the risk, but was not, then the official has not violated the Eighth

18  Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,

19  1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison

20  medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*

21  *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

22         Supervisor defendants are entitled to qualified immunity where the allegations

23  against them are simply "bald" or "conclusory" because such allegations do not "plausibly"

24  establish the supervisors' personal involvement in their subordinates' constitutional wrong,

25  *Iqbal*, 556 U.S. at 675-84 (noting no vicarious liability under Section 1983 or *Bivens*

26  actions), and unfairly subject the supervisor defendants to the expense of discovery and

27  continued litigation, *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general

28

1   allegations about supervisors' oversight responsibilities and knowledge of independent

2   reports documenting the challenged conduct failed to state a claim for supervisor liability).

3   So it is insufficient for a plaintiff only to allege that supervisors knew about the constitutional

4   violation and that they generally created policies and procedures that led to the violation,

5   without alleging "a *specific* policy" or "a *specific* event" instigated by them that led to the

6   constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis in

7   original). Under no circumstances is there respondeat superior liability under section 1983.

8   Or, in layman's terms, under no circumstances is there liability under section 1983 solely

9   because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880

10  F.2d 1040, 1045 (9th Cir. 1989).

11         Plaintiff states that he has compression fractures in his vertebrae, sciatica in both

12  legs and a broken ankle. He states that he is in constant pain and has described how Dr.

13  Lapids has not properly addressed his pain issues and certain pain prescriptions have not

14  been provided that were prescribed by his doctors prior to his detention. He states he has

15  also not been allowed to use an air cast for his leg. These claims against Dr. Lapids are

16  sufficient to proceed.

17         Plaintiff has failed to provided sufficient allegations against physician's assistant

18  Wilson. Plaintiff states that Wilson has been rude and did not prescribe sufficient dosages

19  of drugs and has failed to provide pain relief. Other than these general allegations plaintiff

20  has failed to describe Wilson's specific actions, despite being informed in the court's initial

21  review that more information was required. These bare allegations are insufficient to state

22  a claim under *Iqbal*. "A claim has facial plausibility when the plaintiff pleads factual content

23  that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged." *Iqbal*, 556 U.S., at 678.

25         Plaintiff has also failed to link Defendant Beltz, the medical supervisor, to the alleged

26  inadequate medical care. As noted above, simply that she is a supervisor fails to state a

27  claim against her. That she denied his grievances is also insufficient as there is no

28

4

**United States District Court**
For the Northern District of California

1  constitutional right to an administrative appeal or grievance system.  *See Ramirez v.*

2  *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

3                                                     **CONCLUSION**

4        1.  All Defendants are **DISMISSED** without prejudice except for Defendant Dr. Terry

5  Lapids.

6        2.  The clerk shall issue a summons and Magistrate Judge jurisdiction consent form

7  and the United States Marshal shall serve, without prepayment of fees, the summons,

8  Magistrate Judge jurisdiction consent form, copies of the amended complaint (Docket No.

9  6) with attachments and copies of this order on Dr. Terry Lapids at Santa Cruz Jail.

10       3.  In order to expedite the resolution of this case, the Court orders as follows:

11            a.  No later than sixty days from the date of service, Defendant shall file a

12  motion for summary judgment or other dispositive motion.  The motion shall be supported

13  by adequate factual documentation and shall conform in all respects to Federal Rule of

14  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

15  from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by

16  summary judgment, she shall so inform the Court prior to the date his summary judgment

17  motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

18            b.  At the time the dispositive motion is served, Defendant shall also serve, on

19  a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d

20  952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4

21  (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and

22  *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss

23  for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

24            c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

25  Court and served upon Defendant no later than thirty days from the date the motion was

26  served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

27  which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

28

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1   1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

2          If Defendant files an unenumerated motion to dismiss claiming that Plaintiff failed to

3   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff

4   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

5   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

6   Cir. 2003).

7          d.  If Defendant wishes to file a reply brief, he shall do so no later than fifteen

8   days after the opposition is served upon her.

9          e.  The motion shall be deemed submitted as of the date the reply brief is

10   due.  No hearing will be held on the motion unless the court so orders at a later date.

11          4. All communications by Plaintiff with the Court must be served on Defendant, or

12   Defendant's counsel once counsel has been designated, by mailing a true copy of the

13   document to Defendant or Defendant's counsel.

14          5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

15   No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

16   parties may conduct discovery.

17          6. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

18   informed of any change of address by filing a separate paper with the clerk headed "Notice

19   of Change of Address."  He also must comply with the Court's orders in a timely fashion.

20   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

21   Federal Rule of Civil Procedure 41(b).

22          **IT IS SO ORDERED.**

23   Dated: October 28, 2013.

NANDOR J. VADAS
24                                                     United States Magistrate Judge

25

26   G:\PRO-SE\NJV\CR.13\Munster3268.serve.wpd

27

28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If Defendant files an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If Defendant files a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

United States District Court

For the Northern District of California